## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHUGUANG CHEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 1:23-cv-1253-DLF |
| v. | : | |
| | : | |
| ICS PROTECTIVE SERVICES, | : | |
| KEITH MOYLER, and DOE, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS ICS PROTECTIVE SERVICES AND KEITH MOYLER'S ANSWER TO COMPLAINT

Defendants ICS Protective Services and Keith Moyler ("Defendants"), by counsel, Carr Maloney P.C., submit this Answer in response to Plaintiff Shuguang Chen's Complaint and states as follows:

### NATURE OF THE ACTION

1. The allegations in this paragraph consist of Plaintiff's litigation positions and legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

2. The allegations in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

3. The allegations in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

4. The allegations in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

## JURISDICTION AND VENUE

5. The allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

6. The allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

## PARTIES

7. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent that a response is required, these allegations are denied.

8. Defendant ICS admits that it is a private security company, incorporated in Washington D.C. Defendant ICS also admits that it was engaged by the Embassy of PRC to provide private security. The remaining allegations in this paragraph are denied.

9. Defendant ICS admits only that is is incorporated in Washington D.C. The remaining allegations in this paragraph are denied.

10. Defendant ICS admits only that it employed Mr. Moyler and John Doe during the time of the alleged events. The remaining allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

11. Admitted.

12. Admitted.

## STATEMENT OF FACTS

13. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent that a response is required, these allegations are denied.

14. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent that a response is required, these allegations are denied.

15. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent that a response is required, these allegations are denied.

16. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent that a response is required, these allegations are denied.

17. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent that a response is required, these allegations are denied.

18. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent that a response is required, these allegations are denied.

19. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent that a response is required, these allegations are denied.

20. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent that a response is required, these allegations are denied.

21. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent that a response is required, these allegations are denied.

22. Defendant ICS admits only that it provided private security for the PRC Embassy, Ambassador Qin Gang, and his residence. The remaining allegations in this paragraph are denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

**FIRST CLAIM FOR RELIEF: ASSAULT AGAINST DOE, MOYLER AND ICS**

39. Defendants hereby incorporate by reference its responses to all preceding paragraphs as if the same was fully set forth at length herein.

40. The allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

41. The allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

42. The allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

43. The allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

44. The allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

45. Denied.

46. Denied.

**SECOND CLAIM FOR RELIEF: BATTERY AGAINST DOE, MOYLER, AND ICS**

47. Defendants hereby incorporate by reference its responses to all preceding paragraphs as if the same was fully set forth at length herein.

48. The allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

49. The allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

50. The allegations contained in this paragraph call for a legal conclusion to which no response is necessary. To the extent that a response is required, these allegations are denied.

51. Denied.

52. Denied.

**THIRD CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DOE, MOYLER, AND ICS**

53. Defendants hereby incorporate by reference its responses to all preceding paragraphs as if the same was fully set forth at length herein.

54 – 58. Count III and the allegations in these paragraphs are the subject of a pending Motion to Dismiss. While the Motion remains pending, Defendants need not answer the allegations in these paragraphs. To the extent a response is deemed necessary, Defendants deny the allegations in these paragraphs.

### FOURTH CLAIM OF RELIEF: CIVIL CLAIM FOR PREJUDICE-MOTIVATED INJURY UNDER D.C. CODE § 22-3704 AGAINST DOE, MOYLER, AND ICS

59. Defendants hereby incorporate by reference its responses to all preceding paragraphs as if the same was fully set forth at length herein.

60 – 63. Count IV and the allegations in these paragraphs are the subject of a pending Motion to Dismiss. While the Motion remains pending, Defendants need not answer the allegations in these paragraphs. To the extent a response is deemed necessary, Defendants deny the allegations in these paragraphs.

### FIFTH CLAIM FOR RELIEF: FALSE ARREST/FALSE IMPRISONMENT AGAINST MOYLER AND ICS

64. Defendants hereby incorporate by reference its responses to all preceding paragraphs as if the same was fully set forth at length herein.

65 – 69. Count V and the allegations in these paragraphs are the subject of a pending Motion to Dismiss. While the Motion remains pending, Defendants need not answer the allegations in these paragraphs. To the extent a response is deemed necessary, Defendants deny the allegations in these paragraphs.

### SIXTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION AGAINST MOYLER AND ICS

70. Defendants hereby incorporate by reference its responses to all preceding paragraphs as if the same was fully set forth at length herein.

71 – 75. Count VI and the allegations in these paragraphs are the subject of a pending Motion to Dismiss. While the Motion remains pending, Defendants need not answer the allegations in these paragraphs. To the extent a response is deemed necessary, Defendants deny the allegations in these paragraphs.

## SEVENTH CLAIM FOR RELIEF: CIVIL CONSPIRACY
## AGAINST MOYLER AND ICS

76. Defendants hereby incorporate by reference its responses to all preceding paragraphs as if the same was fully set forth at length herein.

77 – 81. Count VII and the allegations in these paragraphs are the subject of a pending Motion to Dismiss. While the Motion remains pending, Defendants need not answer the allegations in these paragraphs. To the extent a response is deemed necessary, Defendants deny the allegations in these paragraphs.

## EIGHTH CLAIM FOR RELIEF: NEGLIGENT TRAINING
## AND SUPERVISION AGAINST ICS

82. Defendants hereby incorporate by reference its responses to all preceding paragraphs as if the same was fully set forth at length herein.

83 – 89. Count VIII and the allegations in these paragraphs are the subject of a pending Motion to Dismiss. While the Motion remains pending, Defendants need not answer the allegations in these paragraphs. To the extent a response is deemed necessary, Defendants deny the allegations in these paragraphs.

## PRAYER AND RELIEF

Defendants deny that Plaintiff is entitled to any of the relief he has requested in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

This Complaint is or may be barred by the assumption of risk.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is or may be barred by the doctrine of contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

Any injuries, losses, and damages claimed by Plaintiff were or may be the result of the acts or omissions of other parties for whom in law Defendants are not responsible.

### SIXTH AFFIRMATIVE DEFENSE

No alleged acts or omissions of Defendants were the proximate cause of harm to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

There is no basis in law of in fact for the claims asserted against Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred under the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Defendants reserve their right to supplement these affirmative defenses as discovery progresses and more information becomes known.

                ICS PROTECTIVE SERVICES AND
                KEITH MOYLER
                By Counsel

                CARR MALONEY P.C.

By:   */s/ Kelly Cousoulis*
      Tina M. Maiolo, (DC Bar #454987)
      Kelly Cousoulis (DC Bar #90002754)
      2000 Pennsylvania Avenue, NW
      Suite 8001
      Washington, DC 20006
      (202) 310-5500 (Tel)
      (202) 310-5555 (Fax)
      Tina.Maiolo@carrmaloney.com
      Kelly.Cousoulis@carrmaloney.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of February, 2024, a true and correct copy of the foregoing ***Defendants ICS Protective Services and Keith Moyler's Answer to Complaint*** was electronically filed and served via the Court's e-filing notification system on the following:

    Times Wang, Esq.
    North River Law PLLC
    1300 I Street, NW
    Suite 400E
    Washington, DC 20005
    twang@northriverlaw.com
    ***Counsel for Plaintiff***

                */s/ Kelly Cousoulis*
                Kelly Cousoulis, (DC Bar #90002754)