UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHUGUANG CHEN,

        *Plaintiff*,

v.

ICS PROTECTIVE SERVICES, *et al.*,

        *Defendants*.

No. 23-cv-01253 (DLF)

**ORDER**

    Shuguang Chen brings this action against ICS Protective Services (ICS), Keith Moyler, and Matthew Mitroine for injuries that Chen sustained while protesting outside of the Chinese Embassy. Before the Court is the defendants' Partial Motion to Dismiss the Amended Complaint. Dkt. 27. For the reasons that follow, the Court will grant the motion.

**I.    BACKGROUND**[1]

    Chen is a citizen of the People's Republic of China (PRC) and a lawful permanent resident of the United States. Am. Compl. ¶ 7, Dkt. 25. Since 2019, Chen has protested in front of the PRC Embassy and the PRC Ambassador's residence to seek recovery of financial assets allegedly "pocketed" by Chinese judicial officials. *Id.* ¶¶ 16, 19–20. ICS provides private security for the Chinese Embassy and its staff. *Id.* ¶ 8.

    This suit arises from two altercations between Chen and ICS guards. On May 4, 2022, by Chen's account, Chen was "peacefully protesting outside of the ambassador's residence" when ICS guard Matthew Mitroine "inexplicably and abruptly turned violent" on Chen. *Id.* ¶ 25. Chen

---

[1] For purposes of this motion to dismiss, the Court accepts as true all material factual allegations in the complaint. *See Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

alleges that Mitroine "suddenly approached [Chen] and aggressively shined his flashlight into [Chen's] eyes," "struck [Chen] on his chest," and "threatened to kill [Chen]." *Id.* For several weeks after the interaction, Chen allegedly experienced "fatigue, headaches, irritated eyes, and sensitivity to light," as well as "fear and emotional distress." *Id.* ¶ 27.

On June 25, 2022, Chen had an altercation with ICS guard Keith Moyler. *Id.* ¶¶ 28–29. Fitted with a bodycam and a cellphone, Chen was protesting with his bullhorn "on the sidewalk near the ambassador's residence." *Id.* ¶ 28. Chen claims that Minister Xu Xueyan "grabbed and threw [his] cell phone . . . onto the middle of the road," while Moyler observed the interaction from the sidewalk. *Id.* ¶¶ 28–29. Screenshots from Chen's bodycam footage show "Xu reaching for [Chen's] cellphone" and "Moyler standing over [Chen] as he picked up his cellphone." *Id.* After "conferring with Xu," Moyler arrested Chen. *Id.* ¶ 30. Upon the Secret Service's arrival, Moyler told the officers that Chen "assaulted . . . both [Minister Xu and Moyler]." *Id.* ¶ 33. Moyler also provided written statements that he arrested Chen because "[Moyler] witnessed [Chen] grab Xu's hand and snatch her phone, while moving aggressively towards Xu" and that Chen "continued actively resisting arrest after [Chen] was already subdued and forced onto the ground." *Id.* Chen alleges that these statements were false and that Moyler "knowingly and intentionally gave patently false testimony . . . resulting in [Chen's] arrest and criminal prosecution." *Id.* ¶ 63.

On June 27, 2022, Chen was charged by the U.S. Department of Justice for assault on a police officer, simple assault on Minister Xu, and resisting arrest. *Id.* ¶ 35. After his arraignment, Chen alleges that he "secure[d] his bodycam and cellphone video, which showed that . . . [Chen] had been the *victim* of an assault, not the other way around." *Id.* ¶ 38. Chen claims that the evidence was "forwarded to . . . the Assistant United States Attorney responsible for the

prosecution." *Id*.  The government later filed a notice of *nolle prosequi* and the case was dismissed on August 3, 2022.  *Id.*  According to Chen, the *nolle prosequi* notice was filed "not long after" the video footage was forwarded.  *Id.*

On May 3, 2023, Chen filed a complaint against the defendants alleging eight counts: assault, battery, intentional infliction of emotion distress (IIED), prejudice-motivated injury under D.C. Code § 22-3704, false arrest and false imprisonment, malicious prosecution, civil conspiracy, and negligent training and supervision.  *See* Dkt. 1.  The defendants moved to dismiss all but the assault and battery counts for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6); Dkt. 13.  In a September 5, 2024 order, the Court granted the motion in part and denied it in part.  Dkt. 21.  The Court dismissed the IIED, prejudice-motivated injury under D.C. Code § 22-3704, malicious prosecution, and negligent training and supervision counts without prejudice.  *Id.*  The Court denied the motion to dismiss with respect to the false arrest and false imprisonment and civil conspiracy counts.  *Id.*

On November 18, 2024, Chen filed his amended complaint against the defendants to re-allege the malicious prosecution claim.  *See* Am. Compl.  On December 13, 2024, defendants moved to dismiss the malicious prosecution count for failure to state a claim and all counts against Mitroine by Chen's consent.[2]  *See* Defs.' Mot.

## II.   LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to

---

[2] Chen has consented to the dismissal of all claims against that defendant because Officer Mitroine has passed away. *See* Opp'n at 1 n.1, Dkt. 29.

3

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Well-pleaded factual allegations are "entitled to [an] assumption of truth," *Iqbal*, 556 U.S. at 679, and the Court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). But the Court need not accept "a legal conclusion couched as a factual allegation" nor an inference unsupported by the facts alleged in the pleadings. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**III.   ANALYSIS**

To state a claim for malicious prosecution, a plaintiff must allege "(1) that the underlying suit terminated in the plaintiff's favor; (2) malice on the part of the defendant; (3) lack of probable cause for the underlying suit; and (4) special injury occasioned by plaintiff as the result of the original action." *Lyles v. Micenko*, 468 F. Supp. 2d 68, 75–76 (D.D.C. 2006) (citing *Tyler v. Cent. Charge Serv., Inc.*, 444 A.2d 965, 968 (D.C. 1982)). The claim may stand if a defendant "induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith" a plaintiff's wrongful prosecution. *Moore v. Hartman*, 571 F.3d 62, 67 (D.C. Cir. 2009) (citation omitted).

4

As to the first element, "[a] favorable determination must 'reflect on the merits of the underlying action.'" *Singleton v. District of Columbia.*, No. 21-cv-1914 (RJL), 2022 WL 4235128, at *4 (D.D.C. Sept. 14, 2022) (quoting *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. 1986)). Dismissal for failure to prosecute may be a favorable termination "where the facts of the case indicate that such a disposition reflects on the innocence of the defendant in the underlying suit." *Carr*, 503 A.2d at 1245. But "[m]erely alleging that criminal charges were dismissed is . . . insufficient to plead that the underlying case was favorably terminated." *Kenley v. District of Columbia*, 83 F. Supp. 3d 20, 42 (D.D.C. 2015). A favorable termination therefore "normally requires a showing of dismissal with prejudice." *Thorp v. District of Columbia*, 142 F. Supp. 3d 132, 145 (D.D.C. 2015). And when a case is dismissed without prejudice, the Court cannot conclude that a dismissal or a *nolle prosequi* is a favorable termination "where prosecutors have not stated their reasons." *Kenley,* 83 F. Supp. 3d at 42 (quoting *O'Quinn v. District of Columbia*, No. 87-cv-0095 (RCL), 1988 WL 23244, at *2 (D.D.C. Mar. 4, 1988)).

Chen has not stated a claim for malicious prosecution because he does not allege facts supporting that the prosecution was terminated in his favor. His amended complaint still does not provide the government's grounds for dismissal, *see Kenley*, 83 F. Supp. 3d at 42; offer reasons that "tend to indicate" his innocence, *see Blakeney v. O'Donnell*, 117 F. Supp. 3d 6, 20 (D.D.C. 2015); or assert that the prosecution was dismissed with prejudice, *see* Am. Compl. ¶ 38. Chen's only factual allegation in support of his claim is that the prosecutor filed a *nolle prosequi* notice "not long after" Chen forwarded his video footage. *Id.* But even assuming that the prosecutor viewed Chen's submitted footage, the mere transmission of the footage and subsequent *nolle prosequi* notice "does not plausibly suggest that the Government dismissed [the case] because it viewed the plaintiff as innocent or the case as unsupportable." *Cruz-Roldan v. Nagurka*, 246

5

F.Supp. 3d 155, 159 (D.D.C. 2017) (finding a quick dismissal after the filing of *Brady* motions and the disclosure of new material was insufficient to show a favorable termination). Without offering more evidence of the prosecution's rationale for dismissal, or "*specific* factual allegations detailing the nature or cause of that termination," Chen has not plausibly alleged a favorable termination. *Thorp,* 142 F. Supp. 3d at 145.

Accordingly, it is

**ORDERED** that the defendants' Partial Motion to Dismiss, Dkt. 27, is **GRANTED**. Count IV of the plaintiff's amended complaint, Dkt. 25, is **DISMISSED** without prejudice for failure to state a claim. Defendant Matthew Mitroine is **DISMISSED** with prejudice from this case.

**SO ORDERED.**

 

_____
DABNEY L. FRIEDRICH
United States District Judge

July 22, 2025