UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHUGUANG CHEN,

    *Plaintiff*,

v.

ICS PROTECTIVE SERVICES, *et al.*,

    *Defendants*.

No. 23-cv-01253 (DLF)

**ORDER**

    Before the Court is the plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 54(b). *See* Dkt. 35. For the reasons that follow, the Court will deny the motion.

    Shuguang Chen brings this action against ICS Protective Services and Keith Moyler for injuries that Chen sustained while protesting outside of the People's Republic of China's ambassador's residence in Washington, D.C. The complete factual background and procedural history are set forth in the Court's recent order granting the defendants' Partial Motion to Dismiss and are incorporated herein by reference. *See* Order 1–3, Dkt. 34; *see also* Partial Mot. to Dismiss, Dkt. 27.

    Chen now seeks reconsideration of the Court's order dismissing his claim for malicious prosecution. *See* Pl.'s Mot. for Recons. 1, Dkt. 35; Order 5 (concluding that Chen's amended complaint "d[id] not provide the government's grounds for dismissal, offer reasons that tend[ed] to indicate his innocence, or assert that the prosecution was dismissed with prejudice" (citation modified)). He contests the Court's determination that his allegation that the prosecutor filed a *nolle prosequi* notice "not long after" Chen forwarded video footage allegedly establishing his

innocence did not, standing alone, plausibly allege a favorable termination. Order 5–6; *see* Pl.'s Mot. for Recons. 1–2, 4.

Rule 54(b) of the Federal Rules of Civil Procedure "allows a litigant to move for reconsideration or modification of a district court's interlocutory order disposing of 'fewer than all the claims or the rights and liabilities of fewer than all the parties' 'at any time' before the court's entry of final judgment." *Cobell v. Jewell*, 802 F.3d 12, 19 (D.C. Cir. 2015) (quoting Fed. R. Civ. P. 54(b)). A district court may reconsider an interlocutory order "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (citation modified). "In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Parker v. John Moriarty & Assocs.*, 221 F. Supp. 3d 1, 2 (D.D.C. 2016) (citation modified); *see Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) ("Justice may require revision when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." (citation modified)). "[I]n order to promote finality and protect the court's judicial resources, the court is loath to revisit its prior decision absent extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Hall & Assocs. v. EPA*, 210 F. Supp. 3d 13, 18 (D.D.C. 2016) (citation modified).

Chen seeks reconsideration on the ground that the Court clearly erred in dismissing his malicious prosecution claim by failing to draw reasonable inferences in his favor. *See* Pl.'s Mot. for Recons. 1–2. In particular, he argues that his allegation that "the prosecutor entered a *nolle*

*prosequi* shortly after receiving video evidence of [his] innocence" "permit[ted]" the inference that the prosecutor entered the *nolle prosequi* because of that evidence. *Id.* at 1. The Court, he contends, "was required to draw that inference" for the purpose of deciding the defendants' motion to dismiss under Rule 12(b)(6). *Id.*

Chen does not meet the standard to justify reconsideration. To start, Chen previously raised this argument. *See* Pl.'s Opp'n to Partial Mot. to Dismiss 2, Dkt. 29 ("This nexus between the prosecutor's receipt of the video and termination of the proceedings is sufficient to plausibly allege a termination in Plaintiff's favor."). And the Court rejected it. *See* Order 5–6. A motion for reconsideration is not "an opportunity to reargue facts and theories upon which a court has already ruled." *Est. of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (citation modified).

In any event, Chen has not identified a "clear error" warranting reconsideration. *Parker*, 221 F. Supp. 3d at 2 (citation modified). In his Amended Complaint, Chen alleged that the prosecution issued a *nolle prosequi* "[n]ot long after" after Chen sent the government a video allegedly depicting his innocence. Am. Compl. ¶ 38, Dkt. 25. He then proceeded to make the conclusory allegation that the video "caus[ed] the prosecutors to drop the charges against him." *Id.* ¶ 63.

The Court properly dismissed Chen's malicious prosecution claim. The Rule 12(b)(6) pleading standard requires a plaintiff to state factual matter that renders his claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific "probability requirement," but it does require "more than a sheer possibility that a

defendant has acted unlawfully." *Id.* (citation modified). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While a complaint need not contain "detailed factual allegations," alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation modified).

Chen's conclusory allegations do not raise a plausible claim because a prosecutor may *nolle prosequi* a case "for a whole host of reasons" that do not "reflect on the innocence of the accused." *Kenley v. District of Columbia*, 83 F. Supp. 3d 20, 42 (D.D.C. 2015) (citation modified). To plead a plausible malicious prosecution claim, a plaintiff generally must allege facts suggesting that the charges were dismissed with prejudice or that the prosecution's stated reasons for its *nolle prosequi* dismissal related to the plaintiff's innocence. *See id.* at 42–43. Chen's amended complaint does not allege any such facts.

Chen's allegation that the prosecution entered a *nolle prosequi* case shortly after he allegedly sent the prosecution video evidence of his innocence cannot compensate for this pleading deficiency. To be sure, it is *possible* that the prosecution dismissed the case because it agreed that Chen was innocent after viewing his video. But possibility is not enough to meet the pleading requirement. *See Iqbal*, 556 U.S. at 678. Without offering more evidence of the prosecution's rationale for dismissal or "*specific* factual allegations detailing the nature or cause of that termination," *Thorp v. District of Columbia*, 142 F. Supp. 3d 132, 145 (D.D.C. 2015), Chen has not nudged his favorable termination claim "across the line from conceivable to plausible,"

*Twombly*, 550 U.S. at 570.[1]  As such, the Court's dismissal of Chen's malicious prosecution claim was not "clearly erroneous."  *Hall & Assocs.*, 210 F. Supp. 3d at 18 (citation modified).

Accordingly, it is

**ORDERED** that the plaintiff's Motion for Reconsideration, Dkt. 35, is **DENIED**.

**So Ordered.**

December 1, 2025

DABNEY L. FRIEDRICH
United States District Judge

---

[1] To the extent that Chen urges the Court to follow Second Circuit precedent, *see* Pl.'s Mot. for Recons. 3–4, that precedent is not binding on this Court and applies Connecticut, rather than D.C., law, *see Roberts v. Babkiewicz*, 582 F.3d 418, 420–21 (2d Cir. 2009).